BECKETT, Plaintiff in error, v. STATE, Defendant in error.

*No. 75–111–CR. Argued June 1, 1976.—Decided June 30, 1976.*
(Also reported in 243 N. W. 2d 472.)

For the plaintiff in error there were briefs and oral argument by *Charles Bennett Vetzner* of Madison.

For the defendant in error the cause was argued by *Thomas J. Balistreri,* assistant attorney general, with whom on the brief was *Bronson C. La Follette,* attorney general.

CONNOR T. HANSEN, J. We will first observe that although the parties caption this proceeding to indicate a review by writ of error, it is more appropriately before this court on appeal.

The focus of this appeal is the assertion of Beckett that he was denied his right to a speedy trial as required by the Sixth Amendment to the Constitution of the United States, and art. I, sec. 7, of the Wisconsin Constitution.

A complaint was issue on August 4, 1972, charging Beckett with armed robbery, while disguised, contrary to secs. 943.32 (1) (b), (2), and 946.62, Stats. He was tried before a jury on June 7 and 8, 1973, and found guilty. On October 9, 1972, he had been convicted on an unrelated offense and sentenced to an indeterminate term of not to exceed 10 years in the state prison. On the instant conviction, he was sentenced to a term of 12 years, to run concurrently with the previously imposed sentence.

On June 26, 1973, motions after verdict were heard and denied. This included denial of the defendant's assertion of the speedy trial claim. Insofar as the record reflects, no appeal was taken from the denial, although

the conviction on the unrelated charge was appealed and affirmed by this court. *Beckett v. State* (1973), 60 Wis. 2d 771, 211 N. W. 2d 514.

The defendant contends that the time lapse from the date the complaint was issued on August 4, 1972, until the date that the trial commenced on June 7, 1973, violated his right to a speedy trial. This right is guaranteed by the Sixth Amendment to the United States Constitution and imposed upon the states by the Fourteenth Amendment. *Klopfer v. State of North Carolina* (1967), 386 U. S. 213, 223, 87 Sup. Ct. 988, 18 L. Ed. 2d 1.

In its landmark decision addressing the parameters of this constitutional guarantee, the United States Supreme Court found no constitutional basis for quantifying the right into a specified length of time. *Barker v. Wingo* (1972), 407 U. S. 514, 523, 92 Sup. Ct. 2182, 33 L. Ed. 2d 101. Subsequently, the Speedy Trial Act of 1974, 18 U. S. Code, p. 193, sec. 3161, *et seq.,* was enacted by the Congress of the United States, with application to the federal court system. The Act, to be implemented in phases, places absolute time limits on each stage of the prosecutorial process, with the remedy of dismissal imposed for exceeding these limits, in the absence of recognized justifications. [1]

Similarly, this court has stated that the legislature must act, if a specific period of time is to be used as a measurement for inquiring into denial of the right. *Day v. State* (1973), 61 Wis. 2d 236, 245, 212 N. W. 2d 489. While the legislature has enacted measures designed to expedite trials, sec. 971.10, Stats., such statute is not a standard by which to measure violation of the speedy trial guarantee. *Day v. State, supra,* p. 244. Therefore, the principles enunciated in *Barker, supra,* and recognized by

---

[1] *See:* discussions of the Act in *Note,* 10 Univ. of Richmond Law Rev. (1976), 449; *Note,* "The Speedy Trial Act of 1974: Defining the Sixth Amendment Right," 25 Cath. Univ. Law Rev. (1975), 130.

this court in *Day v. State* and cases subsequent to the *Barker* decision,[2] is dispositive of the question of whether defendant herein has been denied his right to a speedy trial.

In *Barker v. Wingo, supra,* there had been a delay of five years in the defendant's trial. The court in *Barker* found such a delay to be presumptively prejudicial and promulgated a balancing test, to be applied to speedy trial cases on an *ad hoc* basis. In applying such a balancing test, it was there determined that the rights of the defendant to a speedy trial had not been violated. *Day v. State, supra,* page 245, quotes from *Barker* and holds:

" 'Until there is some delay which is presumptively prejudicial, there is no necessity for inquiry into the other factors that go into the balance.' " *Id.* at page 530.

"Thus, until such a condition precedent was met, there would be no necessity in determining whether the defendant's sixth amendment right was violated."

In the present case, we find no delay that would trigger inquiry or warrant analysis of this case under the factors of the *Barker, supra,* balancing test.

The complaint was issued August 4, 1972. Beckett was arrested and made his first court appearance the same day. He requested a preliminary examination, waived the 10-day statutory time period[3] and his preliminary examination was set for August 16, 1972. On the return date, he waived the preliminary hearing. The defendant requested a stay in bind-over, which was granted, to arrange for bail. An information was filed and he appeared in trial court on September 8, 1972. At this hearing, a continuance was requested by the defense for the

---

[2] *State v. Russo* (1975), 70 Wis. 2d 169, 233 N. W. 2d 485; *Foster v. State* (1975), 70 Wis. 2d 12, 233 N. W. 2d 411; *State v. Shears* (1975), 68 Wis. 2d 217, 229 N. W. 2d 103; *Hadley v. State* (1975), 66 Wis. 2d 350, 225 N. W. 2d 461; *Watson v. State* (1974), 64 Wis. 2d 264, 219 N. W. 2d 398.

[3] Sec. 970.03, Stats.

purpose of having Beckett undergo a psychiatric examination. A continuance was granted until September 29, 1972. On September 29, 1972, a further defense-requested continuance was granted until October 16, 1972, because the examination had not yet been made.

Beckett was arraigned October 30, 1972, pled not guilty and requested a jury trial. On the same day a substitution of judges was ordered and the case was assigned to Judge AHLGRIMM for trial. The time lapse between August 4, 1972, and October 30, 1972, was precipitated by the granting of the various requests of Beckett for continuances except for three days relating to his waiver of his 10-day statutory right to a preliminary examination. Any delay between August 4, 1972, and October 30, 1972, is attributable to accommodating the demands of the defendant. Therefore, we are of the opinion this period cannot be considered in determining whether there has been a delay in trial such as to be presumptively prejudicial to his right to a speedy trial.

There remains for consideration the time between October 30, 1972, and the date of his trial on June 7, 1973, a period slightly in excess of seven months. On November 22, 1972, Beckett filed a demand for speedy trial, pursuant to sec. 971.10, Stats. On February 20, 1973, he made a demand for discovery and inspection and submitted a list of potential witnesses. At a hearing held March 16, 1973, the trial court set the case for trial June 7, 1973. Counsel for Beckett made no objections to the trial date. In fact, at this hearing, pursuant to a request from defense counsel, the trial court ordered the state to have Beckett, who was then serving a sentence in the state prison, present in Racine county seven days prior to the trial date. On May 22, 1973, at the request of the defendant, the trial court issued a writ of habeas corpus *ad testificandum* directed to the warden at the state prison for one Fred Zimmerli, a defense witness. The name of Zimmerli was not on the list of

proposed defense witnesses submitted on February 20, 1973. The record also reflects there were numerous communications between the trial judge and defense counsel relating to having the case tried or otherwise disposed of. On June 6, 1973, defendant moved for dismissal on the ground that he had not been provided a speedy trial. The motion was heard and denied the following day before the commencement of the trial.

The record reflects that the state never requested a continuance or delay in the trial.

■ We have considered all of the arguments advanced by the defendant. It is our conclusion that the delay in this case was not presumptively prejudicial to the defendant's right to a speedy trial. Hence the condition precedent has not been met and, therefore, an analysis of the other *Barker v. Wingo, supra,* factors is not required.

■ The defendant also argues that the trial court erred in not affording him an evidentiary hearing at the time the instant proceeding was before it. The speedy trial issue had been raised, argued and decided twice before, once the day before trial and a second time in postverdict motions. On neither occasion was an attempt made to present evidentiary proof and no specific factual allegations were contained in his motions. Based upon the record in this case, there was no reason for the trial court to hold an evidentiary hearing.

*By the Court.*—Order affirmed.