STATE of Wisconsin, Plaintiff-Respondent,

v.

Norman D. LEMAY, Defendant-Appellant.

Supreme Court

*No. 88-2168-CR. Argued March 28, 1990.—Decided May 17, 1990.*

(Also reported in 455 N.W.2d 233.)

For the defendant-appellant there were briefs by *Richard L. Kaiser* and *William A. Pangman & Associates, S.C.,* Waukesha and oral argument by *Mr. Kaiser.*

For the plaintiff-respondent the cause was argued by *Maureen McGlynn,* assistant attorney general, with whom on the brief was *Donald J. Hanaway,* attorney general.

STEINMETZ, J. This case is before the court on certification from the court of appeals which had granted the defendant-appellant, Norman D. Lemay, permission to appeal pursuant to sec. 808.03(2), Stats., from a nonfinal order denying his pretrial motion to dismiss dated November 15, 1988, entered in the circuit court for Racine county, the Honorable Dennis J. Barry. Certifi-

cation from the court of appeals followed that court's withdrawal of a decision which held that Lemay's due process rights, not his sixth amendment speedy trial rights, were implicated by a 37-month delay between the signing of a complaint and issuance of a warrant against him and service of the warrant upon him.

The certified issue requires a review of whether a delay following the issuance of a complaint and warrant but preceding arrest is governed by speedy trial or due process considerations. Assuming it is determined that speedy trial rights apply, it is also necessary to review whether the delay in this case violated Lemay's right to a speedy trial such that charges against him must be dismissed.

We hold that the sixth amendment right to a speedy trial governs our analysis of this case. We also hold that a pretrial determination that speedy trial rights have been violated can only be made when the evidence shows extraordinary circumstances justifying dismissal with prejudice. Since the evidence in this case does not illustrate extraordinary circumstances, we affirm the order of the trial court and remand the case for trial on the merits, after which Lemay may renew his motion to dismiss on speedy trial grounds on the full trial record.

On June 16, 1985, Detective James Scherff of the Racine county sheriff's department answered a call in the town of Norway registered by Lemay's wife concerning Lemay's apparent attempt to commit suicide. Upon arrival, Detective Scherff interviewed Lemay's wife, who made statements to him concerning a possible case of sexual assault committed by Lemay upon his five-year-old granddaughter, G.Z. On or about June 17, 1985, Detective Scherff followed up on Mrs. Lemay's allegations by contacting and interviewing the alleged victim, G.Z., and her mother D.Z., at their home in Milwaukee.

During the interview, D.Z. and the victim told the detective about events, limited in nature to sexual touchings, that occurred on or about May 19, 1985.

On July 2, 1985, Detective Scherff interviewed Lemay and obtained his version of the facts surrounding the same incident. Detective Scherff then contacted the Racine county district attorney's office and recommended that a charge of sexual assault be issued against Lemay.

On July 3, 1985, a criminal complaint was issued charging two counts of sexual assault. The complaint was filed with Judge Jon B. Skow, Racine county circuit court. Judge Skow signed a criminal warrant based on the complaint on July 10, 1985. Procedures in effect in Racine county in July of 1985 called for staff of the Racine county district attorney's office to forward the original warrant to the appropriate law enforcement agency for service upon the appellant. Pursuant to established procedure, copies of warrants were to be sent to the clerk of court.

At Lemay's pretrial hearing on his motion to dismiss the information for lack of a speedy trial, Assistant District Attorney Elizabeth Blackwood testified that the original warrant was erroneously sent to the clerk of court's office rather than to the sheriff's department. Blackwood conceded and the parties stipulated to the fact that the misfiling and subsequent time delay were due solely to negligence or oversight on the part of her office.

Because of this oversight, no attempts were made to serve the warrant on Lemay until August 26, 1988, some three years and one month (37 months) after its original issuance. At that time, two officers from the Racine county sheriff's department appeared at Lemay's home and informed Mrs. Lemay that a warrant dating from

1985 charging Lemay with sexual assault was being served upon him. That same day, Lemay made his initial appearance with counsel before Judge Dennis J. Barry, Racine county circuit court.

At all times relevant to this case, the defendant and his wife lived at the same address in the town of Norway, Wisconsin. Likewise, the victim and her mother continued to live at the same address in Milwaukee.

On September 13, 1988, a preliminary hearing was held before Judge Skow. Lemay stipulated not to object on the basis of hearsay to testimony offered at his preliminary hearing. Detective Scherff was the only witness who then testified based on his refreshed recollection of statements he had taken from D.Z. and G.Z. in 1985. At the conclusion of the preliminary hearing, Judge Skow found probable cause on both counts of sexual assault and bound the case over for trial.

After Judge Barry was assigned to the case, Lemay filed discovery demands, a pretrial motion in limine and a pretrial motion to dismiss based on the alleged violation of Lemay's sixth amendment right to a speedy trial. On October 21, 1988, a hearing was held on Lemay's motion to dismiss for lack of a speedy trial. At the hearing, testimony of the victim's mother, D.Z., was offered by the defense to show prejudice to Lemay from the 37-month delay. Testimony elicited from D.Z. established that neither she nor her daughter were able to recall specific circumstances surrounding the events in question.

The trial court issued a written decision on the motion to dismiss dated November 15, 1988. In its decision, the trial court agreed with the parties that the speedy trial analysis set forth by the United States Supreme Court in *Barker v. Wingo,* 407 U.S. 514, 530 (1972), applied to the facts of this case. The trial court

then made findings relevant to each of the four factors of the *Barker* test.

First, the trial court found the length of delay on the facts of this case to be presumptively prejudicial. Second, the trial court found that the delay was caused solely by the state's negligence. Third, the trial court determined that the appellant had preserved his right to a speedy trial by asserting the right as soon as he became aware of the charges against him. Finally, the trial court concluded that although testimony of the key state witnesses showed serious lack of recall, the prejudice this problem might cause at trial could impair the state's ability to present its case, as well as Lemay's.

The trial court concluded that the facts of this case did not demonstrate substantial prejudice to the defendant's right to a fair trial. It also concluded that the severe remedy of dismissal with prejudice was unwarranted, stating: "If the defendant is to have these serious felony charges against him dismissed, it will have to be done on the merits of the facts."

Lemay petitioned the court of appeals for permission to appeal from the pretrial order of the trial court and for an order staying further proceedings pending disposition of the appeal. Lemay's petition for permissive appeal was granted. The court of appeals issued a decision holding that Lemay's due process rights rather than his speedy trial rights applied. Based on its due process analysis, the court of appeals concluded that Lemay's rights had not been violated, and it affirmed the trial court's order to proceed to trial.

The court of appeals subsequently withdrew its opinion citing a possible conflict between due process and speedy trial case law which clouded its analysis. The court of appeals certified the conflict to this court and we accepted certification. We then dismissed Lemay's

petition for review as moot by order dated October 12, 1989.

The first issue is, in essence, when the sixth amendment right to a speedy trial attaches. Both parties to this action agree and assert that this case is governed by a speedy trial analysis. However, the court of appeals has noted an inconsistency in case law language which clouds the determination of when speedy trial as opposed to due process rights attach when the period in question is that after a complaint and warrant are issued but before service of the warrant and arrest.

This issue requires determination of the correct legal standard to be applied to the facts. This court exercises de novo review of such questions. *State v. Rogers,* 70 Wis. 2d 160, 164, 233 N.W 2d 480 (1975).

In its request for certification, the court of appeals perceived an inconsistency in case law language between due process cases dealing with "pre-arrest" delay and a line of Wisconsin speedy trial cases. In *United States v. Marion,* 404 U.S. 307, 321 (1971), the United States Supreme Court stated that it declined "to extend the reach of the amendment [speedy trial provision] to the period prior to arrest." This court restated the *Marion* language in *State v. Rogers,* 70 Wis. 2d at 163.

According to the court of appeals, the language of *Marion/Rogers* is in conflict with a line of cases in this state in which this court has consistently held that " 'the right to a speedy trial arises with the initial step of the criminal prosecution, *i.e.,* the complaint and warrant.' " *Hipp v. State,* 75 Wis. 2d 621, 625, 250 N.W.2d 299, *cert. denied,* 434 U.S. 849 (1977); *State ex rel. Fredenberg v. Byrne,* 20 Wis. 2d 504, 508, 123 N.W.2d 305 (1963); *State v. Ziegenhagen,* 73 Wis. 2d 656, 664, 245 N.W.2d 656 (1976).

Upon review, this court concludes that *Marion* stands for the proposition that the sixth amendment speedy trial provision applies once the putative defendant in some way formally becomes the accused. This interpretation is supported by language found in *United States v. MacDonald,* 456 U.S. 1, 6 (1982) *("MacDonald II"),* which states that *Marion* "held that the Speedy Trial Clause of the Sixth Amendment does not apply to the period before a defendant is indicted, arrested or otherwise officially accused."

This court in *Fredenberg,* 20 Wis. 2d at 508, first announced that the right to a speedy trial arises with the issuance of the complaint and warrant. At this point, a person becomes the accused. *Fredenberg* predates *Marion* and *Rogers.* However, *Rogers* does not mention *Fredenberg* or expressly or impliedly state that this rule of speedy trial is overruled.

Two more recent cases, *Ziegenhagen,* 73 Wis. 2d 656, and *Hipp,* 75 Wis. 2d 621, confirm the rule of *Fredenberg* that speedy trial rights attach upon issuance of the complaint and warrant. *Ziegenhagen* mentions *Rogers* only in a citation for the standard of review. *Ziegenhagen,* 73 Wis. 2d at 664. *Hipp* does not mention *Rogers.* However, the *Hipp* court mentioned *Marion* in a factual comparison between the two: "In *Marion,* the defendant was not the accused until the time of the indictment. Hipp was accused when the complaint and warrant were issued." *Hipp,* 75 Wis. 2d at 625-26.

A review of the facts in both *Marion* and *Rogers* further clarifies the issue because both were concerned with a time lapse prior to the time any formal prosecutorial procedures were initiated and during which only investigatory acts by authorities were taking place.

We therefore conclude that the due process language in *Marion* and *Rogers* applies to time delays occurring within the pre-accusation, investigatory period prior to the commencement of formal criminal proceedings. Speedy trial concerns attach, pursuant to the language of *Hipp, Fredenberg* and *Ziegenhagen,* at the time the defendant formally becomes the accused—when the complaint and warrant are issued.

In this case, Lemay formally became the accused when the complaint was filed and a warrant issued on July 10, 1985. Thus, the period of delay between the instituting of criminal proceedings and the service of the warrant some 37 months later is governed by speedy trial rather than pre-accusation due process law.

The second issue is whether the 37-month time lag between issuance of the complaint and warrant and service of the warrant violates Lemay's constitutional right to a speedy trial. The facts in this case are undisputed, therefore, only a question of law remains which this court reviews independently. *Ziegenhagen,* 73 Wis. 2d at 664.

The right to a speedy trial is guaranteed by the Sixth Amendment to the United States Constitution[1]

---

[1]The sixth amendment to the United States Constitution provides as follows:

> In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury of the State and district wherein the crime shall have been committed, which district shall have been previously ascertained by law, and to be informed of the nature and cause of the accusation; to be confronted with the witnesses against him; to have compulsory process for obtaining witnesses in his favor, and to have the Assistance of Counsel for his defence.

and Art. I, sec. 7 of the Wisconsin Constitution.[2]

Both parties agree that the analysis used by the courts in this state to determine whether a defendant's right to a speedy trial has been violated is pronounced in *Barker,* 407 U.S. 514; *see Day v. State,* 61 Wis. 2d 236, 244, 212 N.W.2d 489 (1973) (redefining speedy trial criteria applied in Wisconsin to comport with *Barker*). In *Barker,* the Court reviewed the nature of the speedy trial right through a statement of three reasons supporting its assertion that "[t]he right to a speedy trial is generically different from any of the other rights enshrined in the Constitution for the protection of the accused." *Barker,* 407 U.S. at 519.

First, the Court noted that both the accused and society share an interest in promoting speedy trial rights. Society's interests, however, exist separate from and in opposition to the accused's in the form, for example, of preventing prejudice to the prosecution's ability to prove its case. *Id.* at 519–20; *see also Dickey v. Florida,* 398 U.S. 30, 42 (1970) (Brennan, J., concurring). The second difference noted by the Court is that deprivation of speedy trial rights may benefit the accused. For this reason, the Court stated that "deprivation of the right to speedy trial does not *per se* prejudice the

---

[2]Article I, sec. 7 of the Wisconsin Constitution provides:

**Rights of accused.** SECTION 7. In all criminal prosecutions the accused shall enjoy the right to be heard by himself and counsel; to demand the nature and cause of the accusation against him; to meet the witnesses face to face; to have compulsory process to compel the attendance of witnesses in his behalf; and in prosecutions by indictment, or information, to a speedy public trial by an impartial jury of the county or district wherein the offense shall have been committed; which county or district shall have been previously ascertained by law.

accused's ability to defend himself." *Barker,* 407 U.S. at 521.

Third, the Court characterized the speedy trial right as a vague concept in comparison to other procedural rights in that it is virtually impossible to determine the precise point in time at which the right has been denied or that point at which the state can force the accused to choose between exercising or waiving the right. *Id.* at 521. According to the *Barker* Court, the right to a speedy trial is therefore relative and wholly dependent on the facts of the particular case. It is the amorphous quality of the right that demands only one possible remedy upon violation, the severe remedy of dismissal of charges. *Id.* at 522.

Based on the "slippery" nature of the right to speedy trial, the *Barker* Court adopted a balancing test which compels courts to approach speedy trial cases on an ad hoc basis. The Court specifically identified four factors to be considered: "Length of delay, the reason for the delay, the defendant's assertion of his right, and prejudice to the defendant." *Id.* at 530. (Footnote omitted.)

The first three factors are not in substantial dispute in this case. First, the state concedes that the 37-month delay between filing and service of the complaint and warrant is presumptively prejudicial. The state does not agree, however, with the defendant's assertion that such a determination places a burden on the state to rebut the presumption by proving the lack of prejudice to the defendant caused by the delay. Rather, the state characterizes the first factor as a triggering mechanism used by courts to determine whether a speedy trial inquiry need be continued. Case law supports the state's contention that a finding that a delay is presumptively prejudicial

merely triggers further review of the allegation under the other three *Barker* factors. *See Hatcher v. State,* 83 Wis. 2d 559, 566–67, 266 N.W.2d 320 (1978); *Norwood v. State,* 74 Wis. 2d 343, 353, 246 N.W.2d 801 (1976); *Hipp,* 75 Wis. 2d at 626. These cases do not place an additional burden on the state to prove the negative, lack of prejudice.

Second, the state concedes that the delay was caused by its negligence. Third, it is not substantially contested that the accused is now asserting his right to a speedy trial. The record reflects that, prior to service of the warrant on the accused, he was totally unaware that formal procedures had been filed against him and made no effort to inquire. Conversely, the record does not reflect that Lemay has affirmatively demanded a speedy trial pursuant to sec. 971.10(2)(a), Stats., or pursuant to the constitution except as mentioned in his motion to dismiss.[3]

The fourth factor, prejudice to the defendant, is in substantial dispute between the parties. According to the *Barker* Court, the prejudice factor is assessed based on three recognized interests of the defendant that the speedy trial right protects. Of these, Lemay has not suffered pretrial incarceration and does not claim to have suffered any anxiety or concern during the elapsed time.

---

[3]Section 971.10(2)(a), Stats., provides:

(2)(a) The trial of a defendant charged with a felony shall commence within 90 days from the date trial is demanded by any party in writing or on the record. If the demand is made in writing, a copy shall be served upon the opposing party. The demand may not be made until after the filing of the information or indictment.

This court has held that sec. 971.10, Stats., is merely a legislatively enacted measure to expedite trials. It does not provide the standard by which speedy trial violations are measured. *See Beckett v. State,* 73 Wis. 2d 345, 347, 243 N.W.2d 472 (1976).

Thus, only the third interest, "to limit the possibility that the defense will be impaired," applies. *Barker,* 407 U.S. at 532.

The defendant asserts that the pretrial record made by him illustrates the serious lapse of witness memory and is sufficient basis upon which this court can conclude that he was substantially prejudiced by the delay such that the information against him should be dismissed. In contrast, the state asserts that the defendant has not been substantially prejudiced and, instead, stands to benefit from the delay because it is only the state's witnesses whose memories have faded. The defendant does not claim that his own memory has been impaired over time.

Based on the pretrial record, the defendant asks this court to weigh the *Barker* factors and determine on the merits whether he has been deprived of his right to a speedy trial. This cannot be done. The evidence available in this case poses no extraordinary circumstances prior to a trial on the merits upon which we can conclude that Lemay has been substantially prejudiced by the delay. In the absence of a showing of extraordinary circumstances, an outright dismissal of the information with prejudice on speedy trial grounds is not warranted because the evidence of prejudice is speculative until after trial. *See, e.g., Ziegenhagen,* 73 Wis. 2d 656 (pretrial prejudice clear when defense witnesses unavailable but prosecution witnesses available and privy to clear and complete records with which to refresh their memories).

Here, the defendant appeals from denial of his pretrial motion to dismiss for lack of a speedy trial. Prior to his trial, however, the prosecutor has no information concerning prejudice to the defendant, no access to such evidence, and no way to force him to divulge such infor-

mation. The state is not required to disprove prejudice to the defendant prior to trial on speedy trial grounds when that evidence is speculative. Here, for example, the only other witnesses besides the defendant, are witnesses for the state. The only other eyewitness is the child victim. Whether the state's witnesses' memories or lack thereof are prejudicial to the defendant's ability to present his defense can only be seen with finality at trial.

The United States Supreme Court in *United States v. MacDonald,* 435 U.S. 850 (1978) (*"MacDonald I"*), held that it could not render a final disposition of a speedy trial motion when raised in an interlocutory appeal of a pretrial motion. The Court reasoned that the merits of a speedy trial claim were inextricably intertwined with the merits of the case-in-chief. Thus, the Court concluded that a pretrial determination of prejudice to the defendant under a speedy trial analysis was speculative and premature. *Id.* at 858–59.

While this court does not rule herein to foreclose all pretrial appeals based on alleged violations of speedy trial rights, we hold that in the absence of extraordinary circumstances clearly showing substantial prejudice to the defendant a case should go to trial. No extraordinary circumstances are shown in this case; we therefore remand it for trial on the merits.

As the Court in *MacDonald I* cogently stated:

> [T]he Speedy Trial Clause does not, either on its face or according to the decisions of this Court, encompass a 'right not to be tried' which must be upheld prior to trial if it is to be enjoyed at all. It is the delay before trial, not the trial itself, that offends against the constitutional guarantee of a speedy trial. If the factors outlined in *Barker v. Wingo, supra,* combine to deprive an accused of his right to a speedy trial,

215

that loss, by definition, occurs before trial. Proceeding with the trial does not cause or compound the deprivation already suffered.

Furthermore, in most cases, as noted above, it is difficult to make the careful examination of the constituent elements of the speedy trial claim before trial. Appellate courts would be in no better position than trial courts to vindicate a right that had not yet been shown to have been infringed. (Footnote omitted.)

*Id.* at 861.

We conclude that speedy trial rights attach once the complaint and warrant have been issued. Also, it is this court's conclusion that resolution of the alleged violation of the speedy trial right in this case can only be clearly and finally decided after trial. No extraordinary circumstances are shown on the record to justify dismissal of the information with prejudice at the pretrial stage. Therefore, the case is remanded for trial after which the defendant may renew his motion on the full record. Upon post-trial motion, the *Barker* factors will then be applied to the merits to determine whether Lemay has, indeed, been prejudiced by the delay.

*By the Court.*—The order of the circuit court for Racine county is affirmed.