## COURT OF APPEALS
## DECISION
## DATED AND FILED

## August 27, 2019

Sheila T. Reiff
Clerk of Court of Appeals

## NOTICE

**This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.**

**A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals.** *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2018AP1867-CR**

Cir. Ct. No. **2017CF1026**

STATE OF WISCONSIN

IN COURT OF APPEALS
DISTRICT I

---

STATE OF WISCONSIN,

    PLAINTIFF-RESPONDENT,

  V.

ASTON DEVON BROWN,

    DEFENDANT-APPELLANT.

---

APPEAL from a judgment of the circuit court for Milwaukee County: T. CHRISTOPHER DEE, Judge. *Affirmed.*

Before Kessler, Brennan and Kloppenburg, JJ.

**Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1     PER CURIAM.  Aston D. Brown appeals a judgment convicting him after a jury trial of unlawfully possessing a firearm as a previously convicted felon.  He argues:  (1) the State violated his constitutional right to a speedy trial;[1] and (2) his trial attorneys were ineffective for failing to enforce his speedy trial rights.  We affirm.

¶2     A defendant is guaranteed the right to a speedy trial by the United States Constitution.  ***Barker v. Wingo***, 407 U.S. 514, 515 (1972).  "The right to a speedy trial is not subject to bright-line determinations and must be considered based on the totality of the circumstances that exist in the specific case."  *See* ***State v. Urdahl***, 2005 WI App 191, ¶11, 286 Wis. 2d 476, 704 N.W.2d 324.  To determine whether a defendant's right to a speedy trial has been violated, courts must use a balancing test "in which the conduct of both the prosecution and the defendant are weighed."  ***Barker***, 407 U.S. at 530.  Courts should consider four primary factors:  (1) whether the defendant asserted the right to a speedy trial; (2) the length of the delay; (3) the reason for the delay; and (4) the prejudice to the defendant.  ***Id.***  However, "none of the four factors … [is] either a necessary or sufficient condition to the finding of a deprivation of the right of speedy trial."  ***Id.*** at 533.  "Rather, they are related factors that must be considered together with such other circumstances as may be relevant."  ***Id.***

---

[1] Brown also argues that his statutory right to a speedy trial was violated.  *See* WIS. STAT. § 971.10 (2017-18).  The remedy for a statutory violation of the right to a speedy trial is release from custody pending trial.  *See* § 971.10(4).  Because Brown has already been tried and is now seeking dismissal of the charges, we address only his claim that his constitutional right to a speedy trial was violated.

All references to the Wisconsin Statutes are to the 2017-18 version unless otherwise noted.

¶3     As for assertion of the right, Brown's first trial attorney, Daniel Mitchell, asserted the right to a speedy trial on Brown's behalf at the preliminary hearing on March 9, 2017.  Brown's assertion of his right to a speedy trial was unequivocal and repeated throughout pretrial proceedings.  This factor weighs in favor of Brown's claim that his right to a speedy trial was violated.

¶4     Turning to the length of the delay, Brown's trial did not begin until one year and seven days after he asserted his right to a speedy trial.  When the length of the delay approaches a year, it is presumptively prejudicial, triggering a closer examination of the circumstances surrounding the claim.  *See **Urdahl***, 286 Wis. 2d 476, ¶12.  While the delay here was notable, the delay is not by itself determinative of a violation.  Wisconsin courts and the United State Supreme Court have held that there was no speedy trial violation in cases involving similar or lengthier delays.  *See **State v. Lemay***, 155 Wis. 2d 202, 204, 455 N.W.2d 233 (1990) (no speedy trial violation for a three-year delay); *see also **Urdahl***, 286 Wis. 2d 476, ¶¶25, 36 (no speedy trial violation for a thirty-month delay, twenty and one-half months of which was attributable to the State); ***Barker***, 407 U.S. at 536 (no speedy trial violation for a five-year delay).

¶5     Turning to the reasons for the delay, Brown first argues that the State caused the delay by failing to produce him for hearings.  While Brown was not produced for some of the pretrial procedural hearings, his attorneys were able to proceed on his behalf because Brown was not required by statute to be present at the hearings.  *See* WIS. STAT. § 971.04 (2017-18).  The State's failure to produce Brown for the hearings was not a cause of delay.

¶6     Brown next argues that the State caused delay by failing to provide discovery to him in a timely fashion.  At a pretrial hearing on April 27, 2017, a

little over six weeks after Brown asserted his right to a speedy trial, the prosecutor informed the court that it was still waiting for forensic test results from the State Crime Lab. The State provided those results to Attorney Mitchell near the end of May. On June 5, 2017, the first day trial was initially scheduled, Attorney Mitchell informed the court that he was not prepared for trial because he had only recently received some of the discovery. The circuit court adjourned the trial over Brown's objection, concluding that while Brown had a constitutional right to a speedy trial, he was facing very serious charges, including attempted first-degree intentional homicide and armed robbery, and he had a constitutional right to the effective assistance of counsel, which the circuit court could not assure if the trial proceeded. To the extent the adjournment of the first trial date is attributable to the State because discovery was not made available to the defense more expeditiously, the delay was largely unavoidable due to the time it took for the State Crime Lab to complete its work, and therefore, does not weigh heavily against the State.

¶7     After May 31, 2017, the delays in the case were primarily caused by Brown's poor relationship with Attorney Mitchell, his decision to proceed with successor counsel, and Attorney Mitchell's delay in timely turning over the file to successor counsel. These delays were not the result of the government's action, so they do not weigh as heavily against the State as would a delay attributable to action by a prosecutor to gain prosecutorial advantage. *See **Urdahl***, 286 Wis. 2d 476, ¶26 ("A deliberate attempt by the government to delay the trial in order to hamper the defense is weighted heavily against the State, while delays caused by the government's negligence or over-crowded courts, though still counted, are weighted less heavily.").

4

¶8 As for prejudice to Brown from the delay, it "should be assessed in the light of the interests … which the speedy trial right was designed to protect." *Barker*, 407 U.S. at 532. The right to a speedy trial was designed: (1) to prevent oppressive pretrial incarceration; (2) to minimize the anxiety and concern of the accused; and (3) to limit the possibility the defense will be impaired. *Id.*

¶9 While Brown suffered through pretrial incarceration and the anxiety engendered by pending charges, there is no indication that he was impaired in his ability to defend himself. As the United States Supreme Court explained in *Barker*, the most serious concern is prejudice to the defendant's ability to present a defense "because the inability of a defendant to adequately prepare his case skews the fairness of the entire system." *Id.*, 407 U.S. at 532. Moreover, Brown ultimately received credit against his sentence for his pretrial incarceration so the delay did not cause him to spend additional time in prison. On the whole, the lack of prejudice weighs strongly in favor of a conclusion that Brown's right to a speedy trial was not violated.

¶10 In sum, then, Brown endured a delay of moderate length, which caused him to live with the anxiety of pending criminal charges for a period of time. The delay was largely not attributable to the State and, to the extent it was, the State did not intentionally cause the delay to hinder Brown's defense. However, these factors are counterbalanced—and ultimately outweighed—by the fact that Brown suffered minimal prejudice. His ability to defend himself was not impaired and he received credit against his sentence for the time he spent incarcerated. We therefore conclude that Brown's constitutional right to a speedy trial was not violated.

¶11     Brown next argues that both of his trial attorneys were ineffective for failing to enforce his speedy trial rights.  A claim of ineffective assistance of counsel must first be raised in the circuit court.  *See* ***State v. Curtis***, 218 Wis. 2d 550, 554, 582 N.W.2d 409 (Ct. App. 1998).  Because Brown did not argue that he received ineffective assistance of counsel in the circuit court, he may not now raise the issue.

*By the Court.*—Judgment affirmed.

This opinion will not be published.  *See* WIS. STAT. RULE 809.23(1)(b)5.