STATE of Wisconsin EX REL. Walter G. SZYMANSKI, Petitioner-Appellant,†

v.

Jane GAMBLE, Warden, Kettle Moraine Correctional Institution, Respondent-Respondent.

Court of Appeals

*No. 00–2272. Submitted on briefs March 21, 2001.—Decided April 25, 2001.*

## 2001 WI App 118

(Also reported in 630 N.W.2d 570.)

†Petition to review denied.

On behalf of the petitioner-appellant, the cause was submitted on the briefs of *Dennis P. Coffey* and *Stacy C. Gerber Ward* of *Cook & Franke, S.C.* of Milwaukee.

On behalf of the respondent-respondent, the cause was submitted on the brief of *James E. Doyle*, attorney general, and *Karla Z. Keckhaver*, assistant attorney general.

Before Brown, P.J., Nettesheim and Anderson, JJ.

¶ 1. NETTESHEIM, J. In this habeas corpus action, Walter G. Szymanski, an inmate of the Wisconsin state prisons, argues that he is entitled to early release on parole because the parole commission has waived the minimum service of sentence requirements pursuant to WIS. STAT. § 304.06(1m)(a) (1999–2000).[1] Like the trial court, we reject Szymanski's argument. We hold that § 304.06, read as a whole, provides that an inmate is entitled to early parole eligibility, not immediate release on parole, when the commission determines to waive the minimum service requirements. We affirm the order denying Szymanski's request for habeas relief.

---

[1] All references to the Wisconsin Statutes are to the 1999–2000 version.

## WISCONSIN STAT. § 304.06 AND THE FACTS

¶ 2.  WISCONSIN STAT. § 304.06(1)(b) provides, in part, that "the parole commission may parole an inmate of the Wisconsin state prisons . . . when he or she has served 25% of the sentence imposed for the offense, or 6 months, whichever is greater." Paragraph (1m)(a) of the statute states:

> The parole commission may waive the 25% or 6-month service of sentence requirement under sub. (1)(b) under any of the following circumstances:
>     (a)  If it determines that extraordinary circumstances warrant an early release and the sentencing court has been notified and permitted to comment upon the proposed recommendation.

¶ 3.  The facts are not in dispute. In October 1986, Szymanski was convicted in the Milwaukee County Circuit Court of six counts of second-degree sexual assault. He was sentenced to forty-two years in prison by Judge John E. McCormick. On February 18, 1992, John Husz, the Chairperson of the Wisconsin Parole Commission, notified Judge McCormick that the parole commission intended to waive the 25% service of sentence requirement pursuant to WIS. STAT. § 304.06(1m). The letter explained that the proposed waiver would make Szymanski eligible for sex offender and alcohol and drug treatment programs.

¶ 4.  The record does not reflect any response from Judge McCormick and, in due course, the parole commission waived the minimum service requirements and changed Szymanski's parole eligibility date to March 17, 1992. Since then, Szymanski has been considered for parole approximately eight times. Most recently, in December 1999, the commission denied

Szymanski parole and deferred further parole consideration for two years.

¶ 5.  Szymanski responded with the instant habeas corpus action. He argued that since the commission had found extraordinary circumstances warranting his early release pursuant to WIS. STAT. § 304.06(1m), he was entitled to release on parole. The trial court concluded that the commission's determination rendered Szymanski eligible for early parole consideration, but did not entitle him to immediate release on parole. Szymanski appeals.

## DISCUSSION

### 1.  Habeas Corpus

¶ 6.  The State contends Szymanski sought the wrong remedy by pursuing habeas corpus relief. The State notes that habeas relief is not available where other adequate remedies, such as common law certiorari, exist. *See State ex rel. Dowe v. Circuit Court for Waukesha County*, 184 Wis. 2d 724, 729, 516 N.W.2d 714 (1994). The State observes that certiorari is the remedy for obtaining review of a decision to deny parole. *See Coleman v. Percy*, 96 Wis. 2d 578, 588, 292 N.W.2d 615 (1980).

■

¶ 7.  We have no quarrel with the State's recital of the law, but it misses the point of Szymanski's argument. Szymanski is not challenging the commission's denial of parole and he does not seek review of the commission's latest decision in that regard. Rather, Szymanski contends that he is illegally restrained because the commission has found extraordinary circumstances and waived the minimum service requirement pursuant to WIS. STAT. § 304.06(1m). As

such, Szymanski reasons that the statute entitles him to immediate release on parole.

¶ 8. Habeas corpus is the proper remedy in the face of such a claim. "[The function of habeas corpus] is to protect and vindicate a person's right of personal liberty by freeing him from illegal restraint." *J.V. v. Barron*, 112 Wis. 2d 256, 260, 332 N.W.2d 796 (1983). We hold that Szymanski has pursued the proper remedy. We turn to the merits.

## 2. WISCONSIN STAT. § 304.06

¶ 9. The issue is one of statutory construction. The objective of statutory interpretation is to discern and give effect to the intent of the legislature. To do so, we look first to the plain language of the statute. "When the statutory language clearly and unambiguously sets forth the legislative intent, we may not look beyond the language to determine its meaning." *County of Jefferson v. Renz*, 231 Wis. 2d 293, 301–02, 603 N.W.2d 541 (1999). When construing statutory provisions, we consider the entire statutory sections. *See State v. Matthew A.B.*, 231 Wis. 2d 688, 708, 605 N.W.2d 598 (Ct. App. 1999), *review denied,* 2000 WI 21, 233 Wis. 2d 84, 609 N.W.2d 473 (Feb. 22, 2000) (No. 98–0229).

¶ 10. WISCONSIN STAT. § 304.06 establishes the following procedure in an early parole setting. Before the commission can decide to waive the minimum service requirement of para. (1)(b), it must first determine that "extraordinary circumstances warrant an early release." Sec. 304.06(1m)(a). However, even if the commission finds such extraordinary circumstances, the waiver of the minimum service requirement is still dis-

cretionary with the commission. "The parole commission *may* waive the [minimum service requirement] . . . [i]f it determines that extraordinary circumstances warrant an early release. . . ." *Id.* (emphasis added).

¶ 11.   The question on appeal is whether a parole hearing is necessary where the commission has found extraordinary circumstances and waived the minimum service requirement pursuant to WIS. STAT. § 304.06(1m). Szymanski contends that this subsection was designed to supersede discretionary parole in extraordinary circumstances. We disagree. This subsection simply permits the commission to waive the minimum service requirement if certain conditions are met. Such a determination removes the parole eligibility conditions which would otherwise apply under para. (1)(b), but it does not eliminate, either expressly or implicitly, the necessity for a parole hearing. While the grant of parole might logically follow from a determination of extraordinary circumstances in most cases, the statute does not inexorably dictate that result.

¶ 12.   Szymanski's literal interpretation of the "extraordinary circumstances/early release" provisions of WIS. STAT. § 304.06(1m)(a) does not comport with the statutory procedure created by the legislature. Moreover, Szymanski's interpretation is unreasonable because it precludes the next two decision-making levels of the inquiry: (1) whether the minimum service requirement should be waived, and, if so, (2) whether the inmate should be granted parole. "A literal reading of a statute may be rejected it if would lead to an absurd or unreasonable result that does not reflect the

legislature's intent." *Logterman v. Dawson*, 190 Wis. 2d 90, 104, 526 N.W.2d 768 (Ct. App. 1994).

## CONCLUSION

¶ 13.   We hold that Szymanski has properly sought habeas corpus relief as his remedy in this case. However, reading WIS. STAT. § 304.06 reasonably and in its entirety, we hold that Szymanski is not entitled to early release on parole pursuant to para. (1m)(a).

*By the Court.*—Order affirmed.