State of Wisconsin, Plaintiff-Respondent-Petitioner,

v.

Kevin D. Jennings, Defendant-Appellant.

Supreme Court.

*No. 01–0507–CR. Oral argument October 15, 2002.—Decided March 5, 2003.*

2003 WI 10

(Also reported in 657 N.W.2d 393.)

For the plaintiff-respondent-petitioner the cause was argued by *James M. Freimuth,* assistant attorney general, with whom on the briefs was *James E. Doyle,* attorney general.

For the defendant-appellant there was a brief by *Stephen M. Compton,* and *Steven M. Compton, S.C.,* Delavan, and oral argument by *Stephen M. Compton.*

¶ 1. WILLIAM A. BABLITCH, J. The State of Wisconsin (State) petitions this court to review a decision of the court of appeals that reversed the conviction

of Kevin D. Jennings (Jennings).[1] At issue is whether a criminal complaint that is filed against a defendant, who is already incarcerated, is sufficient to commence a prosecution. Based on the legislative history of Wis. Stat. § 939.74(1) (1999–2000)[2] and related criminal statutes that deal with the commencement of criminal prosecutions and warrantless arrests, we conclude that if an individual, like Jennings, is already in custody due to incarceration, a complaint is sufficient to commence a prosecution.

## I. FACTS AND PROCEDURAL HISTORY

¶ 2. On December 4, 1998, Jennings was charged with one count of second-degree sexual assault in violation of Wis. Stat. § 940.225(2)(a) (1991–1992). According to the complaint, on December 5, 1992, Jennings allegedly accosted a Milwaukee woman, M.K., outside her home and forced her to engage in nonconsensual intercourse. M.K. reported the incident and was taken to the Sexual Assault Treatment Center, where vaginal swabs were taken.

¶ 3. Jennings was identified as the suspected assailant on December 1, 1998, when the State Crime Lab had a "cold hit" in its DNA database that matched Jennings' DNA to that of M.K.'s assailant. Jennings' DNA profile had been entered into the Crime Lab's databank on July 28, 1997, from Buccal swabs taken from Jennings in November 1994 when he was incarcerated at the Dodge Correctional Institution for conviction on another charge.

---

[1] *State v. Jennings*, 2002 WI App 16, 250 Wis. 2d 138, 640 N.W.2d 165.

[2] All references to the Wisconsin Statutes are to the 1999–2000 version unless otherwise indicated.

¶ 4. On December 3, 1998, two Milwaukee Police Detectives visited the Columbia Correctional Institution (Columbia), where Jennings was incarcerated for an unrelated crime, to inform Jennings of the DNA match and to question him about the sexual assault of M.K. Jennings was given a *Miranda* warning, which he waived, and he spoke with the detectives for approximately two hours regarding the sexual assault of M.K.

¶ 5. The next day, on December 4, 1998, the Milwaukee County District Attorney's office filed a criminal complaint alleging that Jennings had committed second-degree sexual assault on December 5, 1992, by forcing M.K. to engage in nonconsensual penis-to-vagina intercourse. The district attorney's office also obtained an order to produce that directed the superintendent of Columbia to make Jennings available to the sheriff of Milwaukee County at 8:30 a.m. on December 5, 1998, for an initial court appearance.

¶ 6. Apparently Jennings arrived too late to make the court appearance on December 5th, so his initial appearance before a court commissioner was on December 6, 1998. The court commissioner found probable cause based on the complaint and Jennings made a jurisdictional objection that the six-year statute of limitations had expired under Wis. Stat. § 939.74(1) (1997–1998).[3] Jennings argued that a prosecution had not commenced within the six-year statute of limita-

---

[3] Wisconsin Stat. § 939.74 is entitled "Time limitations on prosecutions" and states:

> (1) Except as provided in sub. (2), and s. 946.88(1), *prosecution for a felony must be commenced within 6 years* and prosecution for a misdemeanor or for adultery within 3 years after the commission thereof. Within the meaning of this section, *a prosecution has commenced when a warrant or summons is issued, an indictment is found, or an information is filed.* (Emphasis added.)

527

tions because no warrant or summons had been issued, no indictment found, or information filed, as of December 5, 1998 — six years after the sexual assault of M.K. On December 14, 1998, the district attorney's office filed a criminal information alleging one count of second-degree sexual assault. Jennings waived his right to a preliminary hearing and entered a plea of not guilty.

¶ 7. On December 30, 1998, Jennings filed a motion to dismiss the sexual assault charge with prejudice, claiming that the six-year statute of limitations had expired. The circuit court denied Jennings' motion, concluding that in this case, the order to produce was the equivalent of a warrant or summons and that this was the best mechanism under the circumstances to bring Jennings before the court.

¶ 8. On June 21, 2000, the district attorney filed an amended information reducing the charge to third-degree sexual assault, to which Jennings pled no contest. In the circuit court for Milwaukee County, Judge Daniel L. Konkol sentenced Jennings to a five-year prison term to be served consecutively to the sentence Jennings was then serving. Despite entering a no-contest plea, Jennings reserved the right to challenge whether the circuit court had personal jurisdiction over him based on the alleged expiration of the six-year statute of limitations.

¶ 9. Jennings moved for post-conviction relief on January 29, 2001, challenging the judgment of conviction and the sentence on the grounds that the circuit court did not have personal jurisdiction over him because the statute of limitations had expired. Jennings' motion was denied, and he appealed the decision.

¶ 10. The court of appeals reversed the judgment of the circuit court, holding that the circuit court did

not have personal jurisdiction over Jennings because the statute of limitations had expired on the sexual assault charge. The court of appeals determined that Wis. Stat. § 939.74(1) is ambiguous in light of other criminal statutes that discuss the commencement of a criminal prosecution, but concluded that neither a complaint nor an order to produce can substitute for the requirement of a warrant or summons under § 939.74(1). The State petitioned this court for review.

## II. STANDARD OF REVIEW

¶ 11. Statutory interpretation presents a question of law that this court reviews de novo. *State v. Busch*, 217 Wis. 2d 429, 441, 576 N.W.2d 904 (1998). The primary goal of statutory interpretation is to discern the legislature's intent. *Miller v. Wal-Mart Stores*, 219 Wis. 2d 250, 271, 580 N.W.2d 233 (1998). A " 'literal reading of a statute may be rejected if it would lead to an absurd or unreasonable result that does not reflect the legislature's intent.' " *State ex rel. Szymanski v. Gamble*, 2001 WI App 118, ¶ 12, 244 Wis. 2d 272, 630 N.W.2d 570 (quoting *Logterman v. Dawson*, 190 Wis. 2d 90, 104, 526 N.W.2d 768 (Ct. App. 1994)). This court has determined that "[w]hen a literal interpretation produces absurd or unreasonable results, or results that are clearly at odds with the legislature's intent, '[o]ur task is to give some alternative meaning' to the words." *Alberte v. Anew Health Care Serv., Inc.*, 2000 WI 7, ¶ 10, 232 Wis. 2d 587, 605 N.W.2d 515 (quoting *Green v. Bock Laundry Machine Co.*, 490 U.S. 504, 527 (1989) (Scalia, J., concurring)).

## III. ANALYSIS

¶ 12. The court of appeals agreed with the State that Wis. Stat. § 939.74(1) is rendered ambiguous in light of the language in Wis. Stat. §§ 967.05(1) and 968.02(2), which both provide that a criminal complaint may commence a prosecution.[4] "Where statutes on the same subject conflict or are inconsistent, [the] court must make every effort to harmonize them in order to give effect to the purpose of each statute." *City of Milwaukee v. Kilgore,* 185 Wis. 2d 499, 513, 517 N.W.2d 689 (Ct. App. 1994), *aff'd,* 193 Wis. 2d 168, 532 N.W.2d 690 (1995).

¶ 13. In order to harmonize Wis. Stat. §§ 939.74(1), 967.05(1), and 968.02(2), the State essentially argues that the filing of a criminal complaint should satisfy the "warrant" requirement under § 939.74(1). Alternatively, the State claims that the issuance of an order to produce should be sufficient to satisfy the "summons" requirement under § 939.74(1). We first address whether the filing of a criminal com-

---

[4] Wis. Stat. § 967.05 Methods of prosecution. (1) A prosecution may be commenced by the filing of:

(a) A complaint;

(b) In the case of a corporation or limited liability company, an information;

(c) An indictment.

Wis. Stat. § 968.02 Issuance and filing of complaints.

(2) After a complaint has been issued, it shall be filed with a judge and either a warrant or summons shall be issued or the complaint shall be dismissed, pursuant to s. 968.03. Such filing commences the action.

plaint satisfies the "warrant" requirement under § 939.74(1) and is therefore sufficient to commence a prosecution for the six-year statute of limitations. Because we conclude it does, we do not address the State's alternative argument.

¶ 14. We agree with the State and the court of appeals that Wis. Stat. § 939.74(1) is ambiguous when read in conjunction with Wis. Stat. §§ 967.05(1) and 968.02(2); therefore, we look to extrinsic sources to determine the legislature's intent. In order to ascertain the legislature's intent regarding the tolling period for the criminal statute of limitations under § 939.74(1), we examine sources such as: (1) the legislative history of § 939.74(1); (2) related criminal statutes that deal with the commencement of criminal prosecutions and warrantless arrests; and (3) case law regarding the sufficiency of a complaint for obtaining personal jurisdiction over a defendant.

A. Legislative History of Wis. Stat. § 939.74(1)

¶ 15. The criminal statute of limitations is a well-recognized tenet of criminal procedure that serves important purposes. According to this court:

> The criminal statutes of limitations serve a number of functions but the primary purpose is to protect the accused from having to defend himself against charges of remote misconduct. A corollary purpose is to ensure that criminal prosecutions will be based on evidence that is of recent origin. It also assures that law enforcement officials will act promptly to investigate and prosecute criminal activity. This helps to preserve the integrity of the decision-making process in the trial of criminal cases.

*John v. State,* 96 Wis. 2d 183, 194, 291 N.W.2d 502

(1980). This court has stated that compliance with the criminal statute of limitations is required for personal jurisdiction. *State v. Pohlhammer,* 78 Wis. 2d 516, 523, 254 N.W.2d 478 (1977). Nevertheless, this court has also recognized that the protection provided by the criminal statute of limitations, which "is subject to the control of the legislature, is *not* a fundamental right." *State v. Sher,* 149 Wis. 2d 1, 13, 437 N.W.2d 878 (1989) (emphasis added).

¶ 16. The criminal statute of limitations under Wis. Stat. § 939.74(1) was enacted in 1849 as part of Wisconsin's first criminal code. The statutory section was originally entitled "Limitation of criminal prosecutions" and stated that "An indictment for a capital crime may be found at any period; all other indictments, for other crimes, shall be found, and filed within six years after the commission of the offence . . . ." Wis. Stat. ch. 146, § 2 (1849). In reviewing the legislative history of § 939.74(1), it appears that the six-year statute of limitations begins to toll at the earliest point at which criminal proceedings may be commenced. For example, the legislature clarified in 1943 that:

> (3) A prosecution shall be deemed to be commenced . . . from and after the taking of the *earliest action authorized by law to initiate criminal proceedings,* including (a) the issuance of a warrant by a magistrate upon a complaint duly made . . . (b) the finding of an indictment by a grand jury or (c) the filing of an information against a corporation.

§ 3, ch. 51, Laws of 1943 (emphasis added).

¶ 17. In 1949, the legislature made changes to Wisconsin's criminal procedure, which included revising the language in Wis. Stat. § 353.23 (current Wis. Stat. § 939.74). *See* § 18, ch. 631, Laws of 1949. The revisions to § 353.23(3) essentially streamlined and

532

simplified the language to state: "A prosecution shall be deemed to be commenced and pending within the meaning of sections 353.21 and 353.22 from and after (a) the issuance of a warrant or summons, (b) the finding of an indictment or (c) the filing of an information." § 18(3), ch. 631, Laws of 1949. According to the drafting record for ch. 631 of the Laws of 1949, the original measure was drafted by William Platz, who was an Assistant Attorney General at the time. Platz wrote a series of articles explaining the 1949 changes to the criminal code. Platz explained that the bill contained a large number of notes by the advisory committee, which were to serve as a guide in constructing the statutes.[5] According to Platz, if "there [was] no such note to any particular section of the bill, any change in language [was] *not intended to change the meaning* of the statute revised."[6] Significantly, there was no note for § 18 of ch. 631, which dealt with the criminal statute of limitations under § 353.23. Thus, § 353.23 appears to have been one of the "great many sections . . . [that was] rewritten . . . without [a] change in meaning."[7]

¶ 18. While Wis. Stat. § 939.74(1) has been amended and revised several times from its inception, the legislative history of the statute does not indicate any intent to fundamentally change the point at which the statute of limitations for crimes begins to toll (i.e. the earliest action for initiating criminal proceedings). For example, when the legislature overhauled Wisconsin's criminal code in the mid-1950s, the criminal statute of limitations was essentially left un-

---

[5] William A. Platz, *The 1949 Revision of the Wisconsin Code of Criminal Procedure,* 1950 Wis. L. Rev. 28, 29.

[6] *Id.* (emphasis added).

[7] *Id.*

changed. The comment to the statutory section regarding the criminal statute of limitations stated that "This section is a *restatement of the old law* in regard to time limitations on commencing criminal prosecutions." Legislative Council Note, 1953, § 339.74, Stats. (enacted as Wis. Stat. § 939.74 by § 1, ch. 696, Laws of 1955) (emphasis added). These comments were prepared as an aid for "arriving at a full understanding of the text of the law. They [were] somewhat lengthy revisor's notes . . . given official effect by sec. 370.001 [current Wis. Stat. § 990.001(7)]."[8] Section 990.001(7) provides that "if the revision bill contains a note which says that the meaning of the statute to which the note relates is not changed by the revision, the note is indicative of the legislative intent." Wis. Stat. § 990.001(7); *see also George Williams Coll. v. Vill. of Williams Bay,* 242 Wis. 311, 315, 7 N.W.2d 891 (1943) (revisor's notes are important in construing legislative intent). Furthermore, a "revised statute is to be understood in the *same sense as the original* unless the change in language indicates a different meaning so clearly as to preclude judicial construction." Wis. Stat. § 990.001(7) (emphasis added).

¶ 19. Notably, the language in the 1955 statute regarding the commencement of a prosecution for statute of limitations purposes is identical to the language in the current Wis. Stat. § 939.74(1). Thus, if the legislature originally intended for the statute of limitations to begin tolling from the "earliest action" for initiating criminal proceedings, which has remained substan-

---

[8] William A. Platz, "The Wisconsin Bar and the Proposed Criminal Code," *Legislative History of 1955 Criminal Code,* at 16–17 (1953) (referring to comments in Bill No. 100, A. from the 1953 legislature).

tively unchanged, then the current § 939.74(1) should be interpreted consistent with this understanding.

¶ 20. In addition to the legislative history of Wis. Stat. § 939.74, this "earliest action" interpretation is supported by case law, which holds that it is not a defendant's notice of a warrant for his or her arrest that begins tolling the criminal statute of limitations, but the issuance of the warrant itself. *See, e.g., State v. Mueller,* 201 Wis. 2d 121, 129, 549 N.W.2d 455 (Ct. App. 1996). In *Mueller,* the court of appeals held that a criminal prosecution "commences" within the meaning of § 939.74(1) on the date a warrant is issued by a judge, not when a warrant is executed or served on a defendant by the police. *Id. Mueller* illustrated that it was the issuance of a warrant, as the earliest action to commence a prosecution, that began tolling the six-year period, not the defendant's notice that he was being charged with a crime.

B. Related Criminal Statutes: Wis. Stat. §§ 967.05(1),
 968.02(2), 968.04(1)(a)

¶ 21. Consistent with the legislative history of Wis. Stat. § 939.74(1), criminal statutes that were enacted after § 939.74 specify that the filing of a complaint may commence a prosecution. For example, under Wis. Stat. § 967.05(1), a "prosecution may be commenced by the filing of: (a) A complaint . . . ." Similarly, under Wis. Stat. § 968.02(2), "[a]fter a complaint has been issued, it shall be filed with a judge . . . . Such filing commences the action." In attempting to harmonize § 939.74(1) with these statutes, the court of appeals reasoned that § 939.74 is more specific than §§ 967.05 and 968.02; therefore, § 939.74 prevails, even though it was enacted well before either § 967.05 or § 968.02. While a specific statute usually applies if it

conflicts with a more general statute, we cannot accept this proposition when it renders an absurd result, as in this case.

■

¶ 22. As illustrated by the legislative history of Wis. Stat. § 939.74(1), the statute of limitations begins to toll with the earliest action to commence criminal proceedings. In many cases, the earliest action is the issuance of a warrant, as identified in § 939.74(1). However, in a situation where the suspect is already in custody, the issuance of a warrant seems, at best, superfluous since the purpose of obtaining an arrest warrant is to take an individual into custody. This court explicitly recognized this common sense proposition in *Pillsbury v. State,* 31 Wis. 2d 87, 92, 142 N.W.2d 187 (1966):

> If an accused is not in the custody of the police upon an arrest, a warrant may be necessary to assure his detention and appearance before the magistrate upon the complaint; but we think here there was *no necessity* for issuing a warrant for the defendant's arrest and rearresting him upon the complaint when he was [already] in custody . . . .

*Pillsbury,* 31 Wis. 2d at 92 (emphasis added).

¶ 23. Simply stated, "*Pillsbury* . . . goes no further than the commonsense holding that there need not be the issuance of another arrest warrant when a person is already being held in custody under another charge." *State ex rel. Cullen v. Ceci,* 45 Wis. 2d 432, 443, 173 N.W.2d 175 (1970). This court has also concluded that "we can think of no situation in which a defendant is more clearly in custody, as envisioned by the *Miranda* Court, than when the defendant is confined in a prison or jail." *State v. Armstrong,* 223 Wis. 2d 331, 356, 588

N.W.2d 606, 616–17 (1999). The legislature could not have intended the absurd result of requiring the issuance of a warrant for statute of limitations purposes under Wis. Stat. § 939.74(1) for an individual who is already in custody.[9] Consequently, we reverse the court of appeals and hold that § 939.74(1) does not trump Wis. Stat. §§ 967.05(1) and 968.02(2), which both provide that a prosecution may be commenced upon the filing of a complaint.

¶ 24. The State also points to Wis. Stat. § 968.04(1)(a), which states that "[w]hen an accused has been arrested without a warrant and is in custody, . . . no warrant shall be issued and the complaint shall be filed forthwith with a judge." The State claims that § 968.04(1)(a) accurately describes Jennings' situation as a "warrantless arrestee in custody." Jennings disputes the State's assertion, arguing that he was never arrested or in custody for the sexual assault of M.K. because his incarceration was due to an unrelated crime. We cannot accept Jennings' proposition.

¶ 25. We agree with the State that based on the totality of the circumstances in this case, it is clear that

---

[9] With all due respect, the dissent is incorrect in claiming that the majority opinion assumes that a prosecution can only be commenced under Wis. Stat. § 939.74(1) with the issuance of a warrant. *See* Dissent, ¶ 35. The majority opinion makes no such assumption. It is undisputed that a prosecution may be commenced numerous ways under § 939.74(1). Rather, the majority opinion focuses on one particular method for commencing a prosecution: the issuance of a warrant, and holds that issuing a warrant in order to commence a prosecution under § 939.74(1) is effectively satisfied by the filing of a criminal complaint when the defendant is already in custody. Thus, the majority opinion simply addresses one of the methods for commencing a prosecution — it does not conclude that is the only way to commence a prosecution under § 939.74(1).

Jennings was in custody and in essence, under arrest, for the sexual assault charge when the police detectives questioned him while he was incarcerated at Columbia for an unrelated crime. It is undisputed that the officers told Jennings that the purpose of their visit was to inform Jennings that his DNA matched that of M.K.'s assailant and to question him about the sexual assault of M.K. In addition, the officers gave Jennings a *Miranda* warning, which he waived. A reasonable person in Jennings' position should have known that he or she would be charged, and was essentially arrested for, the sexual assault of M.K. based on the conclusive DNA evidence and the officers' interrogation. Since Jennings was already physically in custody due to his incarceration, a warrant to bring him into custody was not necessary. Rather, the next logical procedural step would be to file a criminal complaint, which is what the State did in this case.

C. Sufficiency of Criminal Complaint for Personal Jurisdiction

██

¶ 26. Furthermore, there is Wisconsin case law which holds that a criminal complaint is sufficient to obtain personal jurisdiction over a defendant. This court has clearly stated that a "complaint is the statutory procedure for acquiring personal jurisdiction over the defendant." *State v. Smith,* 131 Wis. 2d 220, 238, 388 N.W.2d 601 (1986). Consequently, "the essential element of personal jurisdiction in a criminal action is the sufficiency of the complaint, rather than the process by which the defendant's presence in court is secured." *Id.* at 239. This court has recognized that while a complaint's "purpose is no longer to authorize the seizure of the person of the defendant, it is the juris-

dictional requirement for holding a defendant for a preliminary examination or other proceedings." *Cullen,* 45 Wis. 2d at 442–43. Referencing earlier case law, this court stated that "*Pillsbury* makes it quite clear that the jurisdictional requisite for a preliminary hearing is the complaint not the warrant." *Id.* at 443.

¶ 27. Based on all the above, we hold that when a defendant is already in custody due to his or her incarceration, the filing of a criminal complaint is sufficient to commence a prosecution. Because we hold that the filing of a criminal complaint, without the issuance of a warrant, is sufficient to commence prosecution of a defendant who is already in custody, we do not address whether an order to produce satisfies the "summons" requirement under Wis. Stat. § 939.74(1).

*By the Court.*—The decision of the court of appeals is reversed.

¶ 28. SHIRLEY S. ABRAHAMSON, CHIEF JUSTICE *(dissenting).* I agree with the court of appeals that the action in the present case was not timely commenced.

¶ 29. Wisconsin Stat. § 939.74(1), a statute of limitations, is clear. It establishes that the prosecution for a felony must commence within six years of the commission of the felony and that the prosecution for a misdemeanor or adultery must commence within three years of the commission of the misdemeanor or adultery. The statute further defines precisely when a prosecution is deemed to have commenced for purposes of this particular section of the Wisconsin Statutes: (1) when a warrant or summons is issued, (2) when an indictment is found, or (3) when an informa-

tion is filed. No mention is made of a complaint or an order to produce. Section 939.74(1) reads as follows:

[P]rosecution for a felony must be commenced within 6 years and prosecution for a misdemeanor or for adultery within 3 years after the commission thereof. *Within the meaning of this section,* a prosecution has commenced when a warrant or summons is issued, an indictment is found, or an information is filed.[1]

¶ 30. The majority opinion, however, concludes that the statute does not clearly define when a prosecution is deemed to have commenced for purposes of satisfying the statute of limitations because two other statutes, Wis. Stat. §§ 967.05(1) and 968.02(2), explain situations in which a prosecution may be commenced by a different means—with the filing of a criminal complaint. In addition, the majority opinion concludes that a literal reading of the statute leads to the absurd requirement that a prosecutor issue a warrant for a person already in custody (that is, imprisoned after conviction on another offense) in order to satisfy the statute of limitations.

¶ 31. I dissent because neither conclusion is supported by law or logic and both conclusions require this court to rewrite the statute.

¶ 32. The only way the majority is able to conclude that Wis. Stat. § 939.74(1) is "ambiguous when read in conjunction with Wis. Stat. §§ 967.05(1) and 968.02(2)" is to erase the phrase "within the meaning of this section" that precedes the explanation of when a prosecution commences for purposes of satisfying the statute of limitations. It is true that one method of commencing a prosecution under § 967.05(1) is by filing

---

[1] Wis. Stat. § 939.74 (1999–2000) (emphasis added).

a complaint. It is also true that under § 968.02(2) a criminal proceeding may be commenced when a district attorney files a complaint.

¶ 33. It does not follow, however, that either of these statutes renders ambiguous the language delineating the methods available for commencing a prosecution under § 939.74(1). A statute is not ambiguous simply because it provides a more limited definition of a term than other statutes. Section 939.74(1) expressly states that "within the meaning of this section," a prosecution is commenced when a warrant or summons is issued, an indictment is found, or an information is filed. Nowhere does the statute state that, for purposes of the statute of limitations, a prosecution commences with the filing of a criminal complaint. Thus it is plain that a prosecution may commence with the filing of a criminal complaint for certain purposes, but not for purposes of satisfying the statute of limitations under § 939.74(1).

¶ 34. The majority's conclusion that a literal reading of Wis. Stat. § 939.74(1) leads to an absurd result is similarly flawed. The majority argues that reading § 939.74(1) to require a warrant to be issued in order to toll the statute of limitations where, as in this case, the defendant was serving a sentence in prison convicted of a different crime, would be absurd. The majority concludes, "[T]he legislature could not have intended the absurd result of requiring the issuance of a warrant for statute of limitations purposes under Wis. Stat. § 939.74(1) for an individual who is already in custody."[2]

¶ 35. The first problem with the majority's "absurd result" conclusion is that it assumes a prosecution

---

[2] Majority op., ¶ 23.

can be commenced under Wis. Stat. § 939.74(1) *only* with the issuance of a warrant.[3] In fact, the statute considers a prosecution commenced with the issuance of a warrant or summons, the finding of an indictment, *or* the filing of an information. Thus, nothing about § 939.74(1) requires the issuance of a warrant for statute of limitations purposes where an individual is in prison. The statute allows other methods of commencing an action for purposes of § 939.74(1); the prosecutor may, for example, issue a summons or file an information instead.

¶ 36. The second problem with the majority's conclusion is that it assumes the sole purpose of issuing a warrant is to bring a person into custody. The majority states, "[I]n a situation where the suspect is already in custody, the issuance of a warrant seems, at best, superfluous since the purpose of obtaining an arrest warrant is to take an individual into custody."[4] As § 939.74(1) makes clear, however, there can be additional reasons for obtaining an arrest warrant, such as tolling a statute of limitations on a different crime. Indeed, as the majority opinion points out, the *issuance* of the warrant, not the execution or service of the warrant, is the key for commencing a criminal prosecution.[5]

---

[3] *See id.*

[4] Majority op., ¶ 22.

[5] *See* majority op., ¶ 20 (citing *State v. Mueller,* 201 Wis. 2d 121, 129, 549 N.W.2d 455 (Ct. App. 1996)).

The majority opinion ignores an important difference between a filed criminal complaint and an issued warrant. A prosecutor alone can file a criminal complaint. Wis. Stat. § 968.02(1). By contrast, the issuance of a warrant requires a finding of probable cause by a neutral and detached magistrate. Wis. Stat. § 968.04(1).

¶ 37. The criminal statute of limitations is a well-recognized tenet of criminal procedure that serves important purposes, including assuring that law enforcement officials act promptly to investigate and prosecute criminal activity. The majority's interpretation of § 939.74(1) rewrites the statute to grant the state flexibility in commencing its prosecution, flexibility that the legislature did not intend for it to have and flexibility that undermines the important purposes behind the criminal statutes of limitations.

¶ 38. This court has frequently dismissed civil lawsuits where a party has failed to follow the precise letter of the law when initiating litigation.[6] In the criminal context, however, the court apparently feels no compulsion to hold the state to the same high standards to which it holds civil litigants. This cannot be what the legislature intended.

¶ 39. For the foregoing reasons, I dissent.

¶ 40. I am authorized to state that Justice ANN WALSH BRADLEY joins this dissent.

---

[6] See, e.g., Schaefer v. Riegelman, 2002 WI 18, ¶ 46, 250 Wis. 2d 494, 639 N.W.2d 715 (dismissing civil complaint because of "nonprejudicial technicality") (Abrahamson, C.J., dissenting).