Debra L. Kontowicz, Keith A. Kontowicz, and
Scott Kontowicz and Katie Kontowicz, by their
Guardian ad Litem, William Cannon,
Plaintiffs-Respondents,†

American Family Mutual Insurance Co.,
Involuntary-Plaintiff,

v.

American Standard Insurance Co. of Wisconsin,
Defendant-Appellant,

ABC Insurance Co., Defendant.
[Case No. 03-2177.]

Larry Buyatt, Plaintiff-Respondent,†

American Family Mutual Insurance Company,
Involuntary-Plaintiff,

v.

Metropolitan Property and Casualty Insurance
Company and Jason E. Schoessow, Defendants-
Appellants. [Case No. 03-2534.]

Court of Appeals

*Nos. 03–2177, 03–2534. Oral argument November 30, 2004.—
Decided January 19, 2005.*

2005 WI App 22

(Also reported in 693 N.W.2d 112.)

† Petition to review granted 4-6-2005.

On behalf of the defendant-appellant American Standard Insurance Co. of Wisconsin, the cause was submitted on the briefs of *James C. Ratzel* of *Ratzel & Associates, LLC*, Brookfield, and *Colleen D. Ball* of *Appellate Counsel, S.C.*, Wauwatosa. There was oral argument by *James C. Ratzel*.

On behalf of the defendants-appellants Metropolitan Property and Casualty Insurance Company and Jason E. Schoessow, the cause was submitted on the briefs of *Donald H. Piper* and *Patrick A. O'Neil* of *Piper & Schmidt*, Milwaukee. There was oral argument by *Donald H. Piper*.

On behalf of the plaintiffs-respondents Debra L. Kontowicz, Keith A. Kontowicz, and Scott Kontowicz and Katie Kontowicz, by their guardian ad litem, William Cannon, the cause was submitted on the brief of *William M. Cannon* and *Edward E. Robinson* of *Cannon & Dunphy, S.C.*, Brookfield. There was oral argument by *Edward E. Robinson*.

On behalf of the plaintiff-respondent Larry Buyatt, the cause was submitted on the brief of *James J. Gende II* and *Charles David Schmidt* of *Cannon & Dunphy, S.C.*, Brookfield. There was oral argument by *Edward E. Robinson*.

A nonparty brief was filed by *Todd G. Smith* of *LaFollette, Godfrey & Kahn*, Madison, for Civil Trial Counsel of Wisconsin and the Wisconsin Insurance Alliance.

A nonparty brief was filed by *Keith R. Clifford* and *Teague D. Devitt* of *Clifford & Raihala, S.C.*, Madison, for the Wisconsin Academy of Trial Lawyers.

Before Brown, Nettesheim and Snyder, JJ.

¶ 1. SNYDER, J. This appeal arises from judgments awarding interest pursuant to WIS. STAT. § 628.46 (2001–02),[1] which incorporates by reference WIS. STAT. § 646.31(2). The lead issues concerning the construction of § 628.46 in conjunction with § 646.31(2)(d) are common to both cases and the respondents in both cases are represented by the same law firm. By order dated December 6, 2004, the cases were consolidated for purposes of this opinion.

¶ 2. The plaintiffs in each case brought personal injury claims against the corresponding defendants and their insurers. Debra L. Kontowicz and Larry Buyatt were compensated for their injuries, one through negotiated settlement and the other as the result of a jury trial. Both plaintiffs sought interest pursuant to WIS. STAT. § 628.46, alleging that the insurance company had not made payment on the claims in a timely manner. The identical issue raised in each case is whether the § 628.46 interest penalty, by reference to WIS. STAT. § 646.31(2)(d), applies to a third-party personal injury claim against a liability insurance policy. American Standard Insurance Co. of Wisconsin and Metropolitan Property and Casualty Insurance Company contend that the circuit courts erred when they determined that the interest did apply to third-party personal injury claims. We agree and reverse the judgments insofar as they award interest to the plaintiffs under § 628.46. American Standard and Metropolitan raise additional issues on appeal; however, our determination that § 628.46 interest does not extend to a third-party claim resolves the remaining issues.

---

[1] All references to the Wisconsin Statutes are to the 2001–02 version unless otherwise noted.

## BACKGROUND

¶ 3.  The facts before us are not in dispute. Kontowicz and American Standard stipulated to the material facts underlying the settlement of her claim. On August 30, 2000, Kontowicz was rendered a quadriplegic in an automobile accident wherein Daniel Jeffers, a sixteen-year-old driver insured by American Standard, hit Kontowicz's vehicle from behind. Kontowicz's vehicle went off the road and struck a utility pole. She was taken to the hospital by Flight for Life. At the time of the accident, Jeffers was covered by an American Standard insurance policy with a $500,000 per person liability limit.

¶ 4.  Kontowicz sued Jeffers and American Standard. The parties reached a settlement, agreeing that American Standard would pay its policy limit and that Jeffers would pay approximately $78,000 in exchange for a release and dismissal. The parties reserved the issue of whether Wis. Stat. § 628.46 interest would be awarded, agreeing to request a declaratory judgment from the court. The circuit court awarded the interest to Kontowicz, and American Standard appeals.

¶ 5.  In the companion case, Buyatt was injured in an automobile accident caused by Jason E. Schoessow on June 21, 1999. At the time of the accident, Schoessow was covered by a Metropolitan liability insurance policy. Buyatt sued Schoessow and Metropolitan for damages arising from the accident. Following a trial, the jury returned a verdict in favor of Buyatt and awarded him a total of $24,081. Following the verdict, Buyatt moved the circuit court for Wis. Stat. § 628.46 interest and the court granted Buyatt's motion. The court entered judgment against Metropolitan, incorporating the jury award, costs, and statutory interest. Metropolitan paid the undisputed portion of the judg-

ment and appeals that portion associated with § 628.46 interest.

## DISCUSSION

### *Standard of Review*

¶ 6.   The issue presented for review is whether the circuit courts were correct in applying the WIS. STAT. § 628.46 interest penalty to third-party claims for personal injury. Review of a circuit court's interpretation of a statute is a question of law that this court reviews de novo. *State v. Setagord*, 211 Wis. 2d 397, 405–06, 565 N.W.2d 506 (1997). "When interpreting a statute, our purpose is to discern legislative intent. To this end, we look first to the language of the statute as the best indication of legislative intent. Additionally, we may examine the statute's context and history." *Village of Lannon v. Wood-Land Contractors, Inc.*, 2003 WI 150, ¶ 13, 267 Wis. 2d 158, 672 N.W.2d 275 (citations omitted). When interpreting a statute, we presume that "the legislature intends for a statute to be interpreted in a manner that advances the purposes of the statute." *State v. Carey*, 2004 WI App 83, ¶ 8, 272 Wis. 2d 697, 679 N.W.2d 910 (citation omitted), *review denied*, 2004 WI 114, 273 Wis. 2d 657, 684 N.W.2d 138 (Nos. 03–1578–CR to 03–1583–CR). We will reject a literal reading of a statute that would lead to an absurd or unreasonable result that does not reflect the legislature's intent. *State v. Jennings*, 2003 WI 10, ¶ 11, 259 Wis. 2d 523, 657 N.W.2d 393.

### *Plain Language of the Relevant Statutes*

¶ 7.   Our first task is to look at the plain language

670

of the statutes implicated in this appeal. WISCONSIN STAT. § 628.46 states in relevant part:

**Timely payment of claims. (1)** Unless otherwise provided by law, an insurer shall promptly pay every insurance claim. A claim shall be overdue if not paid within 30 days after the insurer is furnished written notice of the fact of a covered loss and of the amount of the loss. If such written notice is not furnished to the insurer as to the entire claim, any partial amount supported by written notice is overdue if not paid within 30 days after such written notice is furnished to the insurer. Any part or all of the remainder of the claim that is subsequently supported by written notice is overdue if not paid within 30 days after written notice is furnished to the insurer. Any payment shall not be deemed overdue when the insurer has reasonable proof to establish that the insurer is not responsible for the payment, notwithstanding that written notice has been furnished to the insurer . . . . All overdue payments shall bear simple interest at the rate of 12% per year.

**(2)** Notwithstanding sub. (1), the payment of a claim shall not be overdue until 30 days after the insurer receives the proof of loss required under the policy or equivalent evidence of such loss. The payment of a claim shall not be overdue during any period in which the insurer is unable to pay such claim because there is no recipient who is legally able to give a valid release for such payment, or in which the insurer is unable to determine who is entitled to receive such payment, if the insurer has promptly notified the claimant of such inability and has offered in good faith to promptly pay said claim upon determination of who is entitled to receive such payment.

. . . .

671

(3) This section applies only to the classes of claims enumerated in s. 646.31(2).

Section 628.46(3) refers us to WIS. STAT. § 646.31(2) to determine which claims are eligible for the interest penalty. Section 646.31(2)(d) states as follows:

(2) CLASSES OF CLAIMS TO BE PAID. No claim may be paid under this chapter unless the claim is in one of the following classes:

. . . .

(d) *Third party claimants.* A claim under a liability or workers' compensation insurance policy, if either the insured or the 3rd party claimant was a resident of this state at the time of the insured event.

¶ 8. Kontowicz and Buyatt assert that the statutes are unambiguous. They note that the opening sentence of WIS. STAT. § 628.46 states that "an insurer shall promptly pay every insurance claim" and contend that the legislature clearly included third-party claims. Further, they argue that § 628.46(3) plainly states that it applies only to classes of claims enumerated in WIS. STAT. § 646.31(2), which includes third-party claimants who are Wisconsin residents under § 646.31(2)(d). We agree that this interpretation of the plain language of § 628.46, in conjunction with § 646.31(2)(d), is a reasonable one.

¶ 9. American Standard and Metropolitan insist that the WIS. STAT. § 628.46 use of terms such as "insurance claim," "claim . . . under the policy," "proof of loss" and "covered loss" historically relate to first-party claims. They direct us to the standard fire insurance policy annexed to WIS. STAT. § 203.01(1) (1973). This standard policy contains language and concepts also

contained in § 628.46.[2] They further point out that § 628.46 appears in a chapter entitled "Insurance Marketing," clearly a reference to the first-party relationship. Finally, they note that § 628.46(2) applies to claims "under the policy," which are distinguishable from claims by third parties "against the policy." For support, they refer us to WIS. STAT. § 645.68(3m), where the legislature describes certain claims as "[c]laims *against* the insurer that are *not under* policies and that are for liability for bodily injury or for injury to or destruction of tangible property." (Emphasis added.) We are persuaded that this first-party focus presents another reasonable interpretation of § 628.46.

¶ 10. We conclude that because there are two incompatible, yet reasonable, interpretations of WIS. STAT. § 628.46, the statute is ambiguous. *See State ex rel. Angela M.W. v. Kruzicki*, 209 Wis. 2d 112, 122, 561 N.W.2d 729 (1997). We turn to the historical context of the statute in our quest to discern the legislative intent. *See Village of Lannon*, 267 Wis. 2d 158, ¶ 13.

### Analysis of WIS. STAT. § 628.46

¶ 11. Kontowicz and Buyatt maintain that Wisconsin jurisprudence has consistently supported the right of third parties to be treated fairly and equitably by insurers. This guiding principle, they contend, leads to only one reasonable conclusion: the legislature intended third parties to benefit from the interest penalty set forth in WIS. STAT. § 628.46. American Standard and

---

[2] The standard fire insurance policy references "proof of loss" and "written notice" and states that amounts "shall be payable sixty days after proof of loss . . . is received." *See* WIS. STAT. § 203.01(1) (1973) (standard policy lines 74–5, 90–1, and 150–53).

Metropolitan respond that in construing § 628.46 we must keep to the legislature's purpose in creating the interest penalty, which is to reinforce the duty of good faith owed by the insurer to the insured. Neither the appellants nor the respondents point to any Wisconsin case law addressing the application of § 628.46 interest to third-party bodily injury or personal injury claims. Further, authority from other jurisdictions lends little assistance.[3]

¶ 12.　Kontowicz and Buyatt ask us to consider the greater context of the insurance code. WISCONSIN STAT. § 601.01(2) provides that the purposes of WIS. STAT. chs. 600 to 655 are "[t]o ensure that policyholders, claimants and insurers are treated fairly and equitably" and WIS. STAT. § 600.12(1) instructs us to liberally construe the insurance code. Kontowicz and Buyatt argue that policyholders are by definition first-party claimants; therefore, the § 601.01(2) reference to "policyholders, claimants and insurers" cannot be narrowly construed to mean first-party claimants without rendering the term "claimants" superfluous. *See State v. Achterberg*, 201 Wis. 2d 291, 299, 548 N.W.2d 515 (1996) (statutory construction that renders a word or phrase superfluous must be avoided). The natural conclusion, they contend, is that the legislature created the interest penalty to encourage insurers to treat both first-party and third-party claimants fairly and equitably. Our supreme court has addressed this statutory language, holding as follows:

---

[3] Our research demonstrates that while several states have statutes addressing timely payment of claims, many exist as part of the state's no-fault automobile insurance system and, consequently, are of little guidance. Other statutes requiring timely payment of claims were not sufficiently similar to WIS. STAT. § 628.46, and, therefore, the corresponding case law does not inform our decision here.

674

It is readily apparent that [Wis. Stat. § 601.01(2)] does not by express language confer upon any group a right of action. Indeed, it does not by its terms impose a duty, the breach of which could be actionable. No one would argue that fair and equitable treatment of insurers, insureds, and claimants is [not] a desirable goal and one which is worthy of expression in this type of legislation. However, when this stated purpose is viewed with the others in the section, it is clear that the overriding goal of these statutes is to provide the benefits to the general public welfare which flow from a well-regulated insurance industry.

*Kranzush v. Badger State Mut. Cas. Co.*, 103 Wis. 2d 56, 76, 307 N.W.2d 256 (1981).

¶ 13. American Standard and Metropolitan direct us to the genesis of the statute, which first emerged during the 1975 legislative session as "Timely payment of claims" under Wis. Stat. § 631.02.[4] Later that session, the legislature created Wis. Stat. ch. 636 (1975), entitled "Claims Adjustment," and continued § 631.02, "Timely payment of claims," as the newly created Wis. Stat. § 636.10(1) (1975).[5]

¶ 14. Interestingly, and nearly contemporaneously, the Wisconsin courts were grappling with another issue related to fair claims practices, specifically, whether an insured could state a claim for the tort of bad faith against the insurer. *See, e.g., Drake v. Milwaukee Mut. Ins. Co.*, 70 Wis. 2d 977, 983, 236 N.W.2d 204 (1975) (implicitly recognizing insured's claim for insurer's bad faith refusal to honor claim); *Anderson v. Continental Ins. Co.*, 85 Wis. 2d 675, 680, 271 N.W.2d

---

[4] *See* 1975 Wis. Laws, ch. 39, § 708.

[5] *See* 1975 Wis. Laws, ch. 375, § 43. In addition, the legislature added Wis. Stat. § 636.10(2) and (3) (1975), which correspond to today's Wis. Stat. § 628.46(2) and (3).

368 (1978) (an insured may bring a tort action against an insurer for the bad faith refusal to honor a claim of the insured). In *Anderson,* our supreme court shed some light on the purpose of the interest penalty, at that time known as Wis. Stat. § 636.10 (1975), and its relationship to the tort of bad faith.

> As stated above, the tort of bad faith is not for the breach of a contract. It is a separate tort. Sec. 636.10 is merely an additional provision of the insurance contract incorporated into it by operation of law. It is unrelated to the tort of bad faith. In the event of late payment, augmented interest would be due under the statute although no bad faith was attributable to the insurance company.

*Anderson,* 85 Wis. 2d at 696. The court placed the interest penalty squarely within the contractual relationship by operation of law.

¶ 15. Our supreme court has also provided guidance on the relationship between an insurer and a third party whose claim lies in tort:

> The insurer's duty of good faith and fair dealing arises from the insurance contract and runs to the insured. No such duty can be implied in favor of the [third party] claimant from the contract since the claimant is a stranger to the contract and to the fiduciary relationship it signifies. Nor can a claimant reasonably expect there to be such a duty. . . .

*Kranzush,* 103 Wis. 2d at 73. Although the *Kranzush* court addressed the issue of whether to extend an insurer's duty of good faith and fair dealing to third-party liability claims rather than the interest penalty issue presented here, we find the analysis sufficiently analogous and look to the court's reasoning for guidance.

676

¶ 16. *Kranzush* instructs that the insurer's duty of good faith and fair dealing, which arises from the fiduciary relationship, exists "whether the company is attending to the claims of third persons against the insured or the claims of the insured itself." *Id.* at 62 (citation omitted). Here, although the third party may benefit from the onus placed on the insurer, the protection of the policyholder is again paramount. Our supreme court rejected Kranzush's proposition that insurers should be liable "to a third-party claimant for the insurer's failure to settle the claim where the liability of the insured is reasonably clear." *Id.* at 62–63. The supreme court explained that settlement of third-party claims may give rise to the tort of bad faith only in the sense that the tort action is "a vehicle to enforce the insurer's duty to be mindful of the insured's interests when settling third-party claims." *Id.* at 63. The *Kranzush* court looked extensively at other court decisions and identified the following theme: "an insurer owes no duty to the third-party claimant to settle or to negotiate in good faith." *Id.* at 72.

¶ 17. Kontowicz and Buyatt argue that reliance on *Kranzush* is misplaced because our supreme court has clearly stated that the interest penalty is unrelated to the issue of bad faith. *See id.* at 76. However, we discern in the case law of that period a focus on the fiduciary relationship between insurer and insured, and the goal of protecting the rights of the insured. This then is the historical context for development of the interest penalty under WIS. STAT. § 628.46. We conclude that § 628.46 arose from the legislature's intent to protect the insured from improper claims settlement practices.

¶ 18. Kontowicz and Buyatt contend that the WIS. STAT. § 628.46(3) reference to WIS. STAT. § 646.31(2)

supports them. At the time that WIS. STAT. § 636.10(3) (1975) was created, it read, "This section applies only to the classes of claims enumerated in s. 646.11(2)." The relevant portion of WIS. STAT. § 646.11(2) (1975) stated that the classes of claims to be paid included:

(c) *Third party claimants.* A claim under a liability o[r] worker's compensation insurance policy, if:

1. Either the insured or the 3rd party claimant was a resident of this state at the time of the insured event; or

2. The claim is for bodily injury or personal injuries suffered in this state or by a person who when he [or she] suffered the injuries was a resident of this state; or

3. The claim is for damage to property situated in this state at the time of damage.

Sec. 646.11(2)(c) (1975). However, we are persuaded that the legislature has made its intent clear by withdrawing all references to bodily injury or personal injury from the statute. The current language states that eligible claims include a "claim under a liability or workers' compensation insurance policy, if either the insured or the 3rd party claimant was a resident of this state at the time of the insured event." Sec. 646.31(2)(d).[6] Kontowicz and Buyatt assert that the

[6] In 1999, our legislature repealed subdivisions 2. and 3., which specifically referenced claims for bodily injury or personal injuries and third-party claims for property damage. *See* 1999 Wis. Act 30, §§ 73–76. Even if the legislature had originally intended to apply the interest penalty to third-party bodily injury or personal injury claims, the 1999 enactment makes it clear that the legislature no longer intends to include such claims. *See Verdoljak v. Mosinee Paper Corp.*, 200 Wis. 2d 624, 633, 547 N.W.2d 602 (1996) (the legislature's omission of a

current language continues to include third-party bodily injury or personal injury claims by its reference to liability policies and third-party claimants. We disagree. By eliminating the bodily injury and personal injury language from the statute, the legislature has preserved eligibility for a more narrow group, specifically: (1) third parties whose claims arise under the policy in the same manner and under the same provisions as the named insured, and (2) third-party worker's compensation claimants.

¶ 19.  Under WIS. STAT. § 632.32(3)(a), an automobile insurance policy must provide coverage "to any person using any motor vehicle described in the policy when the use is for purposes and in the manner described in the policy." Furthermore, a policy may not exclude coverage for "[p]ersons related by blood, marriage or adoption to the insured" or a "passenger in or on the insured vehicle." Sec. 632.32(6)(b)1. and 2.a. Consequently, the insured has paid premiums with the expectation that these third parties will be covered under the policy and the insurer has set premiums and issued coverage accordingly.

¶ 20.  Courts have also extended protections to third-party claimants in worker's compensation cases. The rationale behind the worker's compensation system is that workers accept smaller recoveries in return for coverage regardless of fault; by contrast, a third-party tort victim "is not the object of a sweeping statutory scheme designed to promote the compensation of injuries in a routine, largely nonadversarial manner." *See Kranzush*, 103 Wis. 2d at 65. The

---

phrase indicates an intent to alter statutory meaning; when a statute is repealed and recreated on the same subject, any change in language is presumed to be the result of the legislature's conscious deliberation).

legislature's extension of the WIS. STAT. § 628.46 interest penalty to third-party worker's compensation claimants is consistent with the special relationship created between claimant and insurer under the worker's compensation statutes.

¶ 21. The legislature's elimination of the bodily injury or personal injury claimant from eligibility under WIS. STAT. § 646.31(2)(d) in 1999 is noteworthy for its timing. In the case of *Leister v. General Casualty Insurance Co.*, Dane County Circuit Court Case No. 98–CV-3182, a circuit court took up the issue for the first time. Calling Leister's request for WIS. STAT. § 628.46 interest a "novel claim," the circuit court ruled that the statute allowed third-party claimants such as Leister to claim the interest. *Leister*, No. 98–CV-3182 (Memorandum Decision and Order on Motion to Dismiss, at 1). Shortly thereafter, another circuit court issued a similar ruling in *Coker v. American Family Mutual Insurance Co.*, Dane County Circuit Court Case No. 99–CV-2949 (Decision and Order). Just as this novel issue was emerging in the trial courts, the legislature acted to eliminate the personal injury and bodily injury language from the statute.[7]

¶ 22. Finally, Kontowicz and Buyatt argue that we should adopt their interpretation of WIS. STAT. § 628.46 on public policy grounds. They point out that it is a fundamental public policy of this state to encourage the settlement of insurance claims, *see Bersch v. VanKleeck*, 112 Wis. 2d 594, 598, 334 N.W.2d 114 (1983), and that § 628.46 is the "statutory embodiment" of the policy against dilatory tactics by insurers.

---

[7] *See* 1999 Wis. Act 30, §§ 73–76.

680

¶ 23. The practical effect of this interpretation, however, is to create a conflict of interest for the insurer. As previously established, the insurer owes a duty of good faith and fair dealing to its insured. The policyholder pays premiums as consideration for not only coverage, but also the insurer's duty to defend. *See Elliott v. Donahue*, 169 Wis. 2d 310, 321, 485 N.W.2d 403 (1992) ("Indemnification and defense for claims falling within the parameters of the insurance policy are the two primary benefits received by the insured from a contract of insurance. The nature of the insurance contract . . . contemplate[s] that indemnification and defense is provided to the insured in exchange for the insured's premium payments."). Were we to interpret WIS. STAT. § 628.46 to include third-party tort actions, we would undermine the purpose of the insurance contract and the duties of the insurer. We conclude that our legislature did not intend to compromise the insurer's duty to its insured in such a manner. *See Jennings*, 259 Wis. 2d 523, ¶ 11 (we will reject an interpretation that would lead to an absurd or unreasonable result and that does not reflect the legislature's intent). Restricting the § 628.46 interest penalty to a first-party context, with narrow third-party application, promotes the legislature's intent to protect policyholders from dilatory tactics by insurers. Further, this comports with the legal distinctions drawn by our courts to clarify an insurer's duty of good faith and fair dealing concerning first-party claims in contrast to third-party tort claims.

## CONCLUSION

¶ 24. We conclude that WIS. STAT. § 628.46 is ambiguous when raised in a third-party bodily injury

or personal injury context. We further conclude that the legislature intended the § 628.46 interest penalty to protect the insured from unfair and dilatory claims practices. We further conclude that WIS. STAT. § 646.31(2)(d) broadens the application of § 628.46 to worker's compensation claimants and that narrow class of third parties whose claims arise in the same manner and under the same provisions as the insured. We reverse the judgments insofar as they award interest to the plaintiffs under § 628.46 and remand with directions for each respective circuit court to enter an amended judgment in accordance with this decision.

*By the Court.*—Judgments reversed and causes remanded with directions.